989 F.2d 502
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Richard MOEN, Defendant/Appellant.
 No. 92-2486.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 2, 1993.*
Decided March 18, 1993.
 
 Appeal from the United States District Court for the Western District of Wisconsin, No. 91 CR 113, Barbara B. Crabb, Chief Judge.
 
 ORDER
 
 1
 Richard Moen entered a plea of guilty to a one count indictment charging him with conspiracy to knowingly and intentionally distribute cocaine in violation of 21 U.S.C. § 841(a)(1). The district court sentenced him under the Sentencing Guidelines to 78 months in prison, based upon a finding that he had conspired to distribute at least 72 ounces (over 2000 grams) of cocaine. Moen appeals his sentence. He challenges the district court's calculation of the amount of cocaine and the court's refusal to grant him a two level reduction for acceptance of responsibility. We affirm Moen's sentence.
 
 Calculation of the Amount of Cocaine
 
 2
 Moen challenges the calculation based on the credibility of the witnesses, the discrepancy between the testimony of the witnesses, and the estimates given by the witnesses. The quantity of drugs involved in an offense is a factual determination made by the sentencing court by a preponderance of the evidence, and we review the sentencing court's findings for clear error. United States v. Isirov, No. 91-3081, slip op. at 4 (7th Cir. Feb. 12, 1993) (citations omitted); United States v. Buggs, 904 F.2d 1070, 1078 (7th Cir.1990). We must also "give due regard to the opportunity of the district court to judge the credibility of the witnesses." 18 U.S.C. § 3742(e).
 
 
 3
 The sentencing judge accepted Cartwright's testimony concerning the amount of drugs he obtained from Moen, finding Cartwright a credible witness. The sentencing judge found Moen an "unusually incredible witness." After reviewing the transcripts of the taped conversations and the sentencing hearing, we find no reason to disturb the sentencing judge's findings regarding credibility. As for the actual amount of cocaine involved in the offense, we agree with the sentencing judge that the preponderance of the evidence supports a finding that Moen was dealing in excess of 72 ounces of cocaine between March 1987 and January 1990. The record supports a finding that Moen sold Cartwright in excess of 60 ounces (an average of 3 ounces per month from June 1987 to April 1989, excluding two months where no transactions occurred), that Moen sold at least 4 1/4 ounces to Hartigan, that Moen had 3 additional ounces at his house observed by Hartigan, and that Moen sold 5 to 6 ounces to Peabody that went to Cartwright. In light of the testimony produced at the sentencing hearing, we believe that the sentencing court's calculation of the amount of drugs attributable to Moen was not clearly erroneous.
 
 
 4
 Moen argues that the district court improperly sentenced him for his participation in two separate conspiracies when only one was charged in the indictment. Because the indictment charged Moen with conspiring with "Hartigan and other persons known and unknown to the Grand Jury," Moen argues that only the quantities of cocaine attributable to the Hartigan-Johnson conspiracy should have been considered by the court for purposes of sentencing. We disagree.
 
 
 5
 Moen entered a guilty plea to the one count indictment. The indictment specifically charged Moen with conspiracy to distribute from March 1987 through January 1990. The sentencing judge carefully asked Moen at the hearing if he understood that the indictment charged him with a conspiracy which took place between March 1987 and January 1990. Moen said, "yes."
 
 
 6
 The government, upon explaining what it was prepared to prove at trial, discussed the expected testimony of Hartigan, Johnson, Cartwright, Peabody and investigative agents which would establish the elements of the offense in Count I. The court then asked Moen's attorney whether anything stated could not be proven at trial. His attorney replied:
 
 
 7
 It's a very difficult question. There are certain aspects of that which are in dispute. The overall basic allegation of distributing cocaine and the source in Chicago, there's simply no dispute about that at all. There is some dispute as to quantities and how maybe some of the specifics of this might have worked. But, yes, the government could prove that the crime was committed, and whatever disputes there are would not change the outcome at all. They would be minor rather than going to the heart.
 
 
 8
 Moen pleaded guilty to a conspiracy that lasted from March 1987 to January 1990. Although the court cannot rely exclusively upon stipulations in the plea agreement in determining the factual basis for a sentence, the court can consider the stipulation, together with the findings of the presentence investigation and any other relevant information. Isirov, slip op. at 5-6. The presentence report (PSR) examined the transactions involving Moen, finding that Moen could have been involved in a conspiracy to distribute approximately 2,436 grams of cocaine. The PSR included transactions involving Cartwright and Peabody. The sentencing court also heard testimony regarding Moen's actual involvement in dealing cocaine with Hartigan, Johnson, Cartwright and Peabody. Although the indictment named only Hartigan as a coconspirator, there was sufficient evidence that Cartwright was an unnamed member of the same conspiracy.
 
 
 9
 Every ounce of cocaine upon which Moen was sentenced was attributable to a transaction which directly involved Moen. See United States v. Wozniak, 781 F.2d 95, 97-98 (7th Cir.1985). The sentencing court did not sentence him for the activities of other coconspirators. The evidence produced at the sentencing hearing was more than adequate for a finding that Moen had conspired with Hartigan, Johnson, Cartwright and Peabody to distribute cocaine in Eau Claire, Wisconsin between March 1987 and January 1990. United States v. Robinson, 956 F.2d 1388 (7th Cir.), cert. denied, 113 S.Ct. 654 (1992).
 
 Acceptance of Responsibility
 
 10
 Under the Sentencing Guidelines, a defendant is entitled to a two-point reduction if he "clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." U.S.S.G. § 3E1.1. The defendant bears the burden of demonstrating that he is entitled to the reduction. United States v. Skinner, No. 92-1121, slip op. at 17 (7th Cir. Feb. 17, 1993) (citations omitted). The question of whether a defendant has accepted responsibility is factual and will be overturned only for clear error. United States v. Yanez, Nos. 92-1526, 92-1677, slip op. at 5 (7th Cir. Feb. 10, 1993) (citations omitted).
 
 
 11
 The sentencing judge refused to grant Moen the two point reduction because he did not accept responsibility for being involved with more than two ounces of cocaine. Although he accepted responsibility for selling cocaine to Hartigan, he denied being involved in any cocaine transactions with either Cartwright or Peabody. A defendant must "fess up" to his actual offense in order to have accepted responsibility. United States v. Guadagno, 970 F.2d 214, 224 (7th Cir.1992) (citations omitted). The sentencing court did not find Moen's limited admission credible. See U.S.S.G. § 3E1.1, Application Note 5 ("The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review."). Because Moen accepted responsibility for only a portion of his criminal conduct, the sentencing court was justified in denying the two level reduction. Guadagno, 970 F.2d at 225.
 
 
 12
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs